CASSIE ORR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Orr v. Commissioner
Docket No. 7078-76.
United States Tax Court
T.C. Memo 1978-134; 1978 Tax Ct. Memo LEXIS 381; 37 T.C.M. (CCH) 575; T.C.M. (RIA) 780134; April 5, 1978, Filed Cassie Orr, pro se. Thomas G. Schleier, for the respondent. RAUM
MEMORANDUM FINDINGS OF FACT AND OPINION RAUM, Judge: The Commissioner determined a deficiency of $5,820.75 in the joint Federal income tax for the calendar year 1973 of petitioner and her husband. Only petitioner filed a timely petition in this Court requesting a redetermination of the deficiency. [1] Two issues are presented: first, whether petitioner is entitled to a miscellaneous deduction of $50,000 for expenses allegedly incurred to maintain and protect certain real property used in her trade or business; and second, whether petitioner is entitled to deductions in excess of those allowed by the Commissioner for depreciation on that real property and on furniture, fixtures, etc. contained therein. *382 FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and accompanying exhibits are incorporated herein by this reference. Petitioner Cassie Orr resided in Valparaiso, Indiana, at the time her petition in this case was filed. On or before April 15, 1974, she filed with the Internal Revenue Service an income tax return for the taxable year 1973. Such return was a joint return executed by petitioner and her husband, William C. Orr. Prior to 1968, petitioner, as trustee, held title to two parcels of improved real property (the "property") consisting of approximately thirty acres located in Porter County, Indiana. The two parcels were adjacent to one another. The smaller tract contained a single dwelling, while the larger contained a motel structure and various related buildings. Petitioner held title as trustee for a partnership consisting of her father, her sister, and herself. Her father owned a 50 percent interest in the partnership and she and her sister each owned a 25 percent interest. At some time prior to August 12, 1968, real property taxes levied on the property fell in arrears, and on August 12, 1968, the property was sold at tax *383 auction to Edward V. and Elizabeth M. Warner (the "Warners"). After the expiration of the two-year redemption period provided by Indiana law, the property had not been redeemed by petitioner or anyone else acting on behalf of the partnership. On October 7, 1970, the State of Indiana issued tax deeds to the property to the Warners, and these deeds were subsequently recorded in the Office of the Recorder, Porter County, Indiana. In 1971 the Warners filed suit in the Porter County Superior Court, Porter County, Indiana, to quiet title with respect to the property against petitioner and others. On November 9, 1971, the Warners' motion for summary judgment filed against the petitioner in the quiet title action was granted by the Porter County Superior Court; by its Order Made and Entered November 9, 1971, the Porter County Superior Court determined that the Warners and not petitioner were "the sole owners in fee simple and in possession" of the property. During the period from 1968 through 1973, petitioner remained in possession of the property, and notwithstanding the foregoing decision of the Indiana Court, she persisted in refusing to relinquish possession. In June 1973, the dwelling *384 on the smaller tract was rented to three young men, two of whom paid rent to petitioner and the third of whom performed grass cutting and other odd jobs for her. The motel structure was occupied by various persons who paid rent to petitioner for their rooms, and in addition by petitioner herself, who spent a good part of her time on the motel property although she had another residence elsewhere. At some time during 1972, the Warners instituted an action in the Porter County Superior Court seeking to evict petitioner from the property. On June 6, 1973, the Porter County Sheriff appeared on the property and informed petitioner that, unless she could reach some agreement with the Warners, he would be forced to evict her from the property. Petitioner agreed to talk with an attorney representing the Warners. As a result of the negotiations, the Warners agreed to execute a quitclaim deed conveying the property to petitioner in exchange for $50,000, [2] payable $12,000 immediately and the balance in six equal monthly payments of approximately $6,444 plus interest. Petitioner made the required payments, and the Warners executed their quitclaim deed of the property to petitioner on *385 December 8, 1973. In their joint Federal income tax return for 1973, petitioner and her husband claimed a miscellaneous deduction of $50,000 "to retain [possession] of [business] [property]". In addition, they claimed a deduction of $26,050.67 for depreciation on real and personal property used in their trade or business. Attached to their return was the following schedule of depreciation: DEPRECIATION SCHEDULE
Depreciation
Date
Cost
Taken
Depreciation Description
Acquired
Basis
Previously
Method
1973
House - 100 yrs old
1956
10,000.00
7,000.00
ST - 10
1,000.00
House I & B
1962-1972
11,286.97
ST - 6
1,881.16
10 Room Bldg.
1956
40,000.00
14,000.00
ST - 20
2,000.00
10 Room I & B
1958
1,363.55
504.22
504.22
10 Room I & B
1961
2,353.28
ST - 3
784.42
House
1956
25,000.00
7,000.00
ST - 25
1,000.00
HouseI & B
1965
1,200.00
ST - 10
120.00
Bldg.
1956
16,200.00
4,536.00
ST - 25
648.00
Bldg.
1956
36,789.73
15,248.20
ST - 25
1,471.58
Bldg. I & B
1957
1,178.12
387.94
ST - 10
117.81
Bldg. I & B
1968-1970
1,393.39
ST - 5
278.67
6 Room Bldg.
1959
19,261.00
4,561.10
ST - 15
1,284.00
6 Room Bldg.
1960
5,434.20
1,080.58
ST - 15
362.28
Bldg.
1958
4,194.85
1,551.17
ST - 10
419.48
Barn
1961
2,500.00
ST - 5
500.00
Barn
1971
541.62
ST - 5
108.32
House
1959
10,390.06
3,160.29
ST - 10
1,039.00
House I & B
1961-1973
3,203.06
ST - 8
400.38
Pool and Shed
1961
10,410.65
ST - 5
2,082.13
Pool I & B
1971
2,970.81
ST - 5
594.16
Improve. & Better.
1961-1973
8,990.79
ST - 5
1,798.15
Machinery
1964-1973
2,030.18
ST - 5
406.03
Furniture, etc.
1956
26,663.34
6,583.89
ST - 5
5,332.66
Furniture, etc.
1961-1972
9,591.10
ST - 5
1,918.22
Total
26,050.67
*386 Petitioner testified at trial that she personally owned furniture, fixtures, machinery and equipment which had cost more than $40,000, but offered no other evidence in respect of the deduction claimed for depreciation on personal property. The Commissioner disallowed petitioner's claimed deduction of $50,000 for retention of business property, and disallowed her claimed depreciation deduction to the extent it exceeded $1,749.62. The notice of deficiency explained the Commissioner's calculation of allowable depreciation as follows: Land Value
$15,000.00 (30% X 50,000.00)
Depreciable Basis
35,000.00 (10 yr. life - 3,500.00 yr.)
of Bldgs.
Total Basis
$50,000.00
1973 Depr. 1/2 yr. =
1,750.00 [3]
OPINION The dispute in this case relates to deductions claimed by petitioner for 1973 in connection with real property located in Porter County, Indiana. Prior to 1968, the property was held by petitioner as trustee for a partnership of which she, her sister and her father were the three partners. Property taxes having fallen in arrears, the property was sold at tax auction on August 12, 1968, to *387 Edward V. and Elizabeth M. Warner. Thereafter, on October 7, 1970, the State of Indiana issued tax deeds to the property to the Warners, and on November 9, 1971, the Warners obtained judgment against petitioner and others in an action to quiet title to the property. See Indiana Code (1971) chapters 6-1-56 and 6-1-57, recodified at Indiana Code (1976) chapters 6-1.1-24 and 6-1.1-25. Throughout the years from 1968 through 1973, petitioner remained in possession of the property, living in part of the motel unit and renting out other parts of the motel unit and the separate dwelling. The Warners instituted eviction proceedings against petitioner in 1972 and, on June 6, 1973, the Sheriff of Porter County, Indiana, appeared on the property and informed petitioner that she would have to leave the property unless she could reach an agreement with the Warners. An agreement was reached whereby petitioner paid the Warners $50,000, and the Warners in turn gave petitioner a quitclaim deed to the property. Petitioner first claims that she is entitled to deduct the $50,000 paid to the Warners as an expense for the preservation of business property. We think, however, that the $50,000 represents *388 the petitioner's cost of acquisition of the property which she must treat under section 1012, I.R.C. 1954, as her basis in the property. In the first place, it is clear from this record that, no later than November 9, 1971, the Warners became the owners of the property in fee simple absolute. See Indiana Code (1971) sections 6-1-57-13 and 6-1-57-15, recodified at Indiana Code (1976) sections 6-1.1-25-14, 6-1.1-25-15, and 6-1.1-25-17. Cf. McGlue v. Commissioner,45 B.T.A. 761, 771. Any constitutional or other claims which petitioner may have had against the validity of the Warners' title should have been raised in the quiet title proceedings in Porter County Superior Court. The question of the Warners' title is now res judicata as between petitioner and the Warners, and we are therefore bound by the decision of the Porter County Superior Court. And even if petitioner could have successfully challenged the Warners' title on the basis of some irregularity in the statutory proceedings by which they obtained it, petitioner herself had never previously been the owner of the property; she had held title, rather, as trustee on behalf of a partnership. Petitioner *389 first acquired the property in her own name in 1973, and she is not entitled to any deduction for her cost of acquisition. Cf. Hyde v. Commissioner,64 T.C. 300, 306; [4] cf. also Pittsburg Canners, Inc. v. Commissioner41 B.T.A. 467. Petitioner further claims deductions for depreciation on the property and its furnishings in the amount of $26,050.67. The Commissioner allowed depreciation in the amount of $1,750. He arrived at this figure by applying the straight line method of depreciation for the six-month period from June through December 1973, assuming that petitioner's $50,000 cost of acquiring the property was to be allocated between land and buildings in the respective amounts of $15,000 and $35,000, and that the buildings had a useful life of 10 years. The only evidence in the record concerning petitioner's allowable depreciation deductions *390 is a table attached to her return and entitled "Depreciation Schedule", and petitioner's vague and uncorroborated testimony. Petitioner admitted that the "Depreciation Schedule" was drawn from the partnership's records, so it is not indicative of her personal investment in the property and its furnishings. Moreover, the schedule itself shows that deductions are claimed for at least some items which should already have been fully depreciated. It is possible that petitioner was using some of her own personal property in connection with the rental of the property, but the record before us is wholly inadequate to establish that she is entitled to depreciation deductions in excess of those allowed her by the Commissioner. Since the only other adjustments in the notice of deficiency were favorable to petitioner, Decision will be entered forthe respondent. Footnotes
1. An untimely effort was made to add the husband as a party petitioner by means of an amended petition. However, the Court subsequently granted respondent's motion to dismiss as to the husband for lack of jurisdiction.↩
2. It was petitioner's understanding that the $50,000 payment represented reimbursement to the Warners for their expenses in relation to the property, which she allocated approximately as follows: ↩
Property Taxes
$14,000
Interest
5,000
Miscellaneous, in-
31,000
cluding Attorneys'
Fees
3. The small discrepancy between $1,750 and $1,749.62 is nowhere explained.↩
4. Petitioner may have been entitled to loss deductions on account of the tax foreclosure of the property to the extent of her one-fourth interest in the partnership. We do not stop here to consider that possibility because the loss, if any, occurred in years prior to the tax year here at issue.↩